IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01443-SKC-STV

SANDIA LABORATORY FEDERAL CREDIT UNION,

    Plaintiff,

v.

SUZANNE MARIE CARDEN BURG, et al.

    Defendants.

---

**ORDER RE: PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF AUTHORIZED AGENT AND FOR SUBSTITUTED SERVICE ON DEFENDANTS SUZANNE MARIE CARDEN BURG AND JAMES BURG (DKT. 32)**

---

Plaintiff Sandia Laboratory Federal Credit Union has been trying to serve Defendants Suzanne Marie Carden Burg and James Burg ("Burgs") with the Complaint in this lawsuit since June 5, 2024. From the record, it appears the Burgs are dodging service.

Plaintiff has filed a Renewed Motion for Appointment of Authorized Agent and for Substituted Service on the Burgs (Motion). Dkt. 32. An attorney, Jonathan Nash of the law firm Senn Visciano Canges P.C. (SVC), who used to represent Mrs. Burg, entered a limited appearance and filed a Response. Dkts. 25, 36. Plaintiff has also filed a Reply. Dkt. 38. The Court has reviewed the briefing, its docket, and the law;

no hearing is necessary.

## BACKGROUND

Plaintiff filed its Complaint in Colorado state court on April 23, 2024, alleging fraud, unjust enrichment, and breach of contract against the Burgs (and other Defendants). Dkt. 4, ECF pp.7-15. Plaintiff seeks to foreclose on the Burgs' residential property located in Durango, Colorado ("Subject Property"). *Id.* Defendant United States of America removed the case to federal court on May 22, 2024. Dkt. 1. After some misstarts by Plaintiff, the Clerk of Court issued summonses on June 10, 2024, directed to each of the Burgs. Dkt. 19.

By August 8, 2024, having unsuccessfully served either of the Burgs, Plaintiff filed a Motion for Appointment of Authorized Agent and for Substituted Service (First Motion). Dkt. 24. The First Motion, like the current one, sought an order appointing Mr. Nash "as an authorized agent to receive service of process and for substituted service on the Burgs . . . ." *Id.* at p.8. Mr. Nash and his law firm filed their Limited Entry of Appearance and their Response to the First Motion, arguing neither should be appointed authorized agent for either of the Burgs. Dkts. 25, 26, respectively.

The Court denied the First Motion on August 21, 2024, because Plaintiff hadn't demonstrated substituted service was appropriate at the time. Dkt. 30. The Court further ordered Mr. Nash and SVC to file a status report and "specif[y] the date their representation of the Burgs terminated and the date of their most recent communication with one or both of the Burgs." *Id.* They filed their Status Report on

August 27, 2024. Dkt. 31.

Plaintiff then filed the instant Motion on September 11, 2024. Dkt. 32. Mr. Nash and his law firm filed a Response opposing it, and Plaintiff filed its Reply. Dkts. 36 (Response), 38 (Reply). The Motion chronicles Plaintiff's numerous attempts to serve the Burgs and find information to aid in effectuating service. Those efforts include:

1) Obtaining two reports through LexisNexis Risk Solutions, Accurint for Legal Professionals, on each of the Burgs;

2) Identifying potential active addresses associated with each, which revealed the Subject Property, a mail room with postage boxes, and an address in Las Cruces, New Mexico, owned and occupied by individuals with no known association with the Burgs;

3) Identifying potential employers or workplaces of each Burg, explaining what Plaintiff learned about the Burgs' potential association with each, and why attempted service at each would not likely result in service upon either or both;

4) Reviewing publicly available driver's license information for the Burgs;

5) Noting the lack of any current motor vehicle registration for the Burgs;

6) Retaining a private investigator to locate the Burgs, who researched several potential avenues including an online rental listing for the Subject Property, Mrs. Burg's self-declared employer, social media searches, general internet research, and court searches; and

7) Contacting the United States Parole office, the United States Denver Probation office, and the United States Durango Probation office, for information on Mr. Burg (a current parolee) but none of these offices were able to disclose any information.

Dkt. 32, ¶¶2-4. Plaintiffs also attempted to serve the Burgs at the Subject Property

on at least four occasions.[1] Dkt. 24, ¶¶8-9.

On April 24, 2024, Plaintiff's counsel emailed Mr. Nash the Complaint, Civil Case Cover Sheet, and Summonses for each of the Burgs, and asked whether he would accept service on their behalf. Dkt. 24-2, ECF pp.1-4. Mr. Nash was known to represent Mrs. Burg in matters relating to the Subject Property and the underlying dispute between the Burgs and Plaintiff. Dkt. 31, ¶1; Dkt. 24, ¶12; Dkt. 36, ¶¶4, 6. Two days later, Mr. Nash responded that he had "forwarded this along to Suzanne [Burg] with your request. Until I hear from her, I'm not in a position to accept and waive service. I'll let you know if I hear otherwise." *Id.* at ECF p.2. On May 2, 2024, Mr. Nash emailed Plaintiff's counsel that he did "not have authority to waive and accept service." *Id.* at ECF p.4. Then on July 2, 2024, after apparently receiving several further inquiries from Plaintiff's counsel, Mr. Nash informed Plaintiff's counsel, "I have still not heard from my client. I communicated to her that I need to have a response by Monday of next week regarding my continued representation. I will keep you apprised." Dkt. 24-6, ECF p.2. Plaintiff's counsel then followed up with Mr. Nash multiple times, but Mr. Nash did not respond. *Id.* at ECF pp.1-2; Dkt. 24, ¶14.

---

[1] Plaintiff alleges it made "eight attempts to serve the Burgs at the Subject Property . . . ," but it does not identify when those attempts were. Dkt. 32, ¶8. The Court, therefore, relies instead on Plaintiff's earlier assertion it attempted service on each of the Burgs on four separate dates specified in Plaintiff's First Motion.

## ANALYSIS

Plaintiff seeks an order appointing Mr. Nash as authorized agent for service of process on behalf of the Burgs and leave for substituted service on the Burgs via service on Mr. Nash.[2] Although the Federal Rules of Civil Procedure do not contemplate substituted service, they do state, in pertinent part:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e).

In turn, Colorado Rule of Civil Procedure 4(f) provides, when the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

---

[2] Plaintiff seeks only an order directing substituted service on Mr. Nash on behalf of the Burgs. Dkt. 32, p.11. Mr. Nash and SVC entered their limited appearances to argue against their being directed to accept such service. Dkts. 25; 36, p.1. But Plaintiff seeks to complete substituted service only on Mr. Nash, and not SVC. Thus, this Order only speaks of Mr. Nash.

5

Colo. R. Civ. P. 4(f). If the court is satisfied the moving party has used due diligence to attempt personal service, that further attempts to obtain service would prove unsuccessful, and that "the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:"

> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

*Id.*

Here, the Court is satisfied that Plaintiff has used due diligence in attempting personal service on each of the Burgs and that future efforts would likely be unsuccessful. As outlined above, the Plaintiff has undertaken numerous, diligent efforts intended to locate and serve the Burgs, but it has been unsuccessful.[3] Turning now to the meat of this dispute—whether the Court should authorize Plaintiff to serve the Burgs by substitute service on Mr. Nash—the answer is "yes."

There are several examples of when substituted service on a person's current or former lawyer is appropriate to effectuate personal service on the person.

---

[3] The Court further notes that Mr. Nash does not contend that Plaintiff has not exercised due diligence in attempting service or that any future efforts would be successful. Rather, he contends only that he is not the correct person to receive substituted service.

Substituted service on a defendant's attorney, who is not representing the defendant in the particular lawsuit for which substituted service is sought, can be appropriate. *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25, 2019). And substituted service on a former attorney can also be granted. *Farmlands Partners Inc. v. Fortunae*, No. 18-cv-02351-KLM, 2019 WL 2436064, at *1 (D. Colo. June 11, 2019) (noting Denver District Court ordered substituted service on defendant's former counsel). Service upon an attorney, who may or may not have represented the defendant but has had dealings with them, can also be appropriate if the attorney has already given actual notice of service to the defendant. *JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (ordering substituted service on attorney who had potentially represented defendants in settlement negotiations relating to lawsuit and had provided actual notice of the lawsuit to them).

Plaintiff argues substituted service on each of the Burgs by service on Mr. Nash is appropriate because "Mr. Nash represented Mrs. Burg with respect to the issues raised in this lawsuit for the year preceding this action, as of the date this action was filed, and, as the Status Report establishes, for nearly four months thereafter." Dkt. 32, ¶11. And Plaintiff continues, "Mr. Nash has already admitted that he provided actual notice of this action to Mrs. Burg, . . . and actual notice to Mrs. Burg via Mr. Nash's prior communication with her is reasonably calculated to impart knowledge of this lawsuit to Mr. Burg because he is Mrs. Burg's husband." *Id.* at ¶12.

7

Thus, not only is substituted service on Mr. Nash "reasonably calculated to give actual notice of this action to the Burgs," Mrs. Burg at least has received actual notice of the lawsuit from Mr. Nash. *Id.*

Mr. Nash counters that he "has never met, represented, or communicated directly with Mr. Burg, in person or by email, telephone, or otherwise." Dkt. 36, ¶2. And he argues that he "only previously represented Mrs. Burg in a transactional capacity . . ." and he no longer represents her. *Id.* at ¶¶2, 4. Mr. Nash also contends the legal authority relied on by Plaintiff is not applicable here. But the Court disagrees. For example, Mr. Nash overstates *Two Rivers* (*supra)* and *Contrada* (*infra*) when he argues these cases stand for the proposition that substituted service on a former attorney is not permissible under Colorado law. Dkt. 36, ¶3. In reality, the *Contrada* court stated it was "*not prepared* to make the same assumption [that substituted service is reasonably calculated to give actual notice to defendants] based *solely* on [the lawyer's] previous representation." *Contrada, Inc. v. Parsley*, No. 1:10-cv-00646-WYD-CBS, 2010 WL 2943428, at *4 (D. Colo. July 21, 2010) (emphasis added). And despite the *Two Rivers* court description of *Contrada*, that court ultimately ordered substitute service on a former attorney: "Although Mr. Singh may deny current representation of Defendants, as the prior lawyer for Defendants in a matter involving this dispute, the Court expects that Mr. Singh has a professional obligation to provide actual notice to Defendants of this substituted service. Accordingly, the Court finds that Mr. Singh is an appropriate person for substituted

service." *Two Rivers*, 2019 WL 5535227, at *3.

At a minimum, Mr. Nash represented Mrs. Burg in negotiations with Plaintiff over the Subject Property prior to the filing of this lawsuit, and for a few months thereafter. Dkt. 32, ¶11; Dkt. 31, ¶4 (stating Mr. Nash's representation was terminated as of August 9, 2024). As her former (yet recently terminated) attorney on matters directly related to the current matter, substituted service upon Mr. Nash is appropriate because it will reasonably give Mrs. Burg notice of the lawsuit and it comports with due process.[4] *See Two Rivers*, 2019 WL 5535227, at *3; *see also JDK LLC*, 2015 WL 2455504, at *2.

The Court also finds substituted service on Mr. Nash will reasonably give Mr. Burg notice of the lawsuit and will comport with due process, even though Mr. Nash claims he never represented Mr. Burg. The standard is whether the substituted service is reasonably calculated to give the defendant actual notice of the action. Here,

---

[4] The Court is troubled by Mr. Nash's and his law firm's potential lack of candor to the Court. In their August 9, 2024 Response to the First Motion, Mr. Nash and his law firm represented they had reached out to the Burgs multiple times and "received no response whatsoever" and that Mr. Nash "has no idea whether the Burgs are receiving his emails; whether their email addresses are correct or have changed; or whether the emails are being blocked, ignored, or sent to spam or trash, etc." Dkt. 26, ¶1. But in their October 2, 2024 Response to the current Motion, they represent Mrs. Burg instructed them not to waive and accept service. Dkt. 36, p.4. The representations are conflicting. And counsel has made the issue ambiguous by not providing the dates associated with these communications. But the Court will afford counsel the benefit of the doubt that the instruction from Mrs. Burg was given at a time between the two filings. Counsel should exercise greater caution and clarity in the future.

Mr. Burg is Mrs. Burg's husband. And Mr. Nash has represented Mrs. Burg on matters related to the Subject Property and the underlying dispute, which involves property the Burgs either claimed to jointly own or in which they each claimed to have a financial interest. Dkt. 4, ¶¶10-26. To be sure, in his Response to the First Motion, Mr. Nash stated that he "reached out to Suzanne Marie Carden Burg *and James Burg* (the 'Burgs') multiple times, including by email at *their* last known email *addresses*, and received no response whatsoever." Dkt. 26, ¶1 (emphases added). This earlier representation indicates Mr. Nash in fact sent communications to Mr. Burg. Mr. Nash has already given actual notice of the Complaint, summonses for each Burg, and the civil case cover sheet, to Mrs. Burg. Dkt. 31, ¶1. Mrs. Burg subsequently "instructed [Mr. Nash] not to waive and accept service . . . ." Dkt. 36, ¶6. The fact that Mrs. Burg gave this instruction to Mr. Nash clearly shows the Burgs have notice of this lawsuit. At a minimum, it shows that substituted service on Mr. Nash will reasonably give each of the Burgs notice of the lawsuit in a manner that does not offend due process.

\*   \*   \*

For the reasons shared above, the Court finds Plaintiff has used due diligence in attempting to personally serve the Burgs and that further attempts to effect in-hand service would likely be fruitless. Further, the Court finds substitute service on Jonathan Nash, Esq., will reasonably give both Mrs. and Mr. Burg actual notice of the lawsuit and comports with due process.

It is ORDERED that:

1. The Motion is GRANTED IN PART and Plaintiff shall hand-deliver a copy of the operative Complaint, Summonses, Civil Cover Sheet, and this Order, to Jonathan Nash, Esq.; and,

2. On or before the date of delivery, Plaintiff **shall also** mail a copy of the foregoing documents, one set to Mrs. Burg and a second set to Mr. Burg, both individually, at 89 Sunset Lane, Durango, CO 81301.

It is FURTHER ORDERED that the Motion is DENIED IN PART insofar as it sought appointment of Mr. Nash as the Burgs' authorized agent—no such appointment is required or contemplated under Colo. R. Civ. P. 4(f) or Fed. R. Civ. P. 4(e). Any other relief requested in the Motion is denied.

DATED: November 8, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge